## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Northern Division)

| | |
|---|---|
| JUDITH THOMAS<br>8752 Lincoln Street<br>Savage, Maryland 20763 (Howard County)<br><br>       Plaintiff,<br><br>       v.<br><br>AFNI, INC.<br>404 Brock Drive<br>Bloomington, IL 61702<br>**Serve On:**   The Corporation Trust Incorporated<br>              351 W. Camden Street<br>              Baltimore, MD 21201<br><br>THOMAS G. LANDIS, ESQ.<br>d/b/a Law Office of Thomas Landis<br>Four Greenwood Square<br>3325 Street Road, Suite 220<br>Bensalem, PA 19020<br>**Serve On:**   State Department of Assessment<br>              and Taxation<br>              Corporate Charter Division<br>              301 W. Preston Street, Room #801<br>              Baltimore, MD 21201<br><br>       Defendants. | JURY TRIAL DEMANDED<br><br><br><br><br>Case No. _____ |

## COMPLAINT

Plaintiff Judith Thomas ("Thomas"), by and through her attorney Cory L. Zajdel of Z LAW, LLC, sues AFNI, Inc. and Thomas G. Landis, Esq. (collectively "Defendants"), and states:

## I.    **INTRODUCTION**

1.    This Complaint is filed and these proceedings are instituted under the "Fair Debt Collection Practices Act" 15 U.S.C. § 1692 *et. seq.*, (hereinafter "FDCPA") and the Maryland

Consumer Debt Collection Act, Md. Code Ann., § 14-201 *et seq.* (hereinafter "MCDCA") to recover actual and statutory damages, reasonable attorney's fees and costs of suit due to Defendant's violations all of which occurred within one year from the filing date of this Complaint.

2.      The United States Congress has found there is abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress drafted the FDCPA with the goal to eliminate abusive collection practices utilized by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3.      The state of Maryland passed the MCDCA, a similar but more comprehensive statute to protect individuals from abusive, unfair and harassing debt collection practices.

4.      Defendants are foreign entities actively participating in collecting debts from consumers located in Maryland.

5.      Defendants are either entities that acquire or service defaulted consumer debt that is bought for a few cents on the dollar or are hired as debt collection attorneys.

6.      Defendants conduct business in Maryland by attempting to collect on consumer debts by contacting Maryland consumers and filing lawsuits against Maryland consumers in Maryland state courts.

7.      Defendants communicate with Maryland consumers while: (a) refusing and failing to comply with Maryland licensing laws regulating collection agencies; (b) assiduously violating

federal and Maryland consumer debt collection statutes; and (c) routinely violating the Maryland Consumer Protection Act.

8.       Every act of Defendants in its attempts to collect consumer debt in Maryland is an unfair and deceptive act precluded by both federal and Maryland statute.

## II.    PARTIES

9.       Plaintiff Judith Thomas is a natural person currently residing at 8752 Lincoln Street, Savage, Maryland 20763 (Howard County), is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Md. Code Ann., Comm. Law § 13-101 and took part in a "consumer transaction" as that term is defined by MCDCA, § 14-201(c).

10.      Defendant AFNI, Inc., is a corporation formed under the laws of the state of Illinois with a business address of 404 Brock Drive, Bloomington, Illinois 61702.

11.      At all times relevant to this Complaint, AFNI, Inc. transacted business in the District of Maryland and at other locations throughout Maryland, operating as a collection agency, as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and as a "collector" and "person" as those terms are defined by MCDCA, § 14-201(b) and (d).

12.      AFNI, Inc. is a "collection agency" as defined by Md. Code Ann., Bus. Reg. § 7-101(c).

13.      Defendant Thomas G. Landis, is a foreign sole proprietor with a business address of For Greenwood Square, 3225 Street Road, Bensalem, PA 19020.  In Maryland, Defendant Thomas G. Landis is also known as Law Office of Thomas Landis.

14.      At all times relevant to this Complaint, Thomas G. Landis transacted business in the District of Maryland and at other locations throughout Maryland, operating as a law firm, collection

agency, as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and as a "collector" and "person" as those terms are defined by MCDCA, § 14-201(b) and (d).

15.     Thomas G. Landis is a "collection agency" as defined by Md. Code Ann., Bus. Reg. § 7-101(c).

**III.     JURISDICTION AND VENUE**

16.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

17.     Supplemental Jurisdiction for the state law claims arise under 28 U.S.C. § 1367.

18.     Venue is proper in this Court because Defendants transact business within this District and the conduct complained of occurred in the District.

**IV.     FACTUAL ALLEGATIONS**

**A.     Direct TV Alleged Debt**

19.     At some point in time, Thomas used the satellite television services of DirecTV.

20.     The DirecTV satellite television services were billed on a monthly basis and when unpaid was a financial obligation and consumer debt that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C § 1692a(5), Md. Code Ann., Comm. Law §§ 13-101(d) and 14-201(c).

21.     Subsequently, Defendant AFNI, Inc. was hired by DirecTV to collect an alleged debt from Plaintiff Thomas.

22.     On November 9, 2010, Defendant AFNI, Inc. mailed a collection letter to Plaintiff Thomas in an attempt to collect on the alleged debt.

23.     The collection letter was mailed from 404 Brock Drive, Bloomington, IL 61702.

24.     On November 9, 2010 when Defendant AFNI, Inc. attempted to collect the alleged consumer debt from Plaintiff Thomas, Defendant AFNI, Inc. lacked the authority to

conduct such business in Maryland from the address of 404 Brock Drive, Bloomington, IL 61702.

25.     By doing business in Maryland, Defendant AFNI, Inc. assents to the laws of Maryland.

26.     Defendant AFNI, Inc. is a "collection agency" as that term is defined by Title 7 of the Business Regulation Article, Maryland Code Annotated because Defendant AFNI, Inc. purchases, acquires or services consumer debt after the debt is in default.

27.     A "collection agency" is required to be licensed by the appropriate Maryland state agency.

28.     A "collection agency" must apply for and be issued a license by the appropriate Maryland state agency for each location the "collection agency" attempts to collect debts from.

29.     Defendant AFNI, Inc. was not licensed as a "collection agency" at the location 404 Brock Drive, Bloomington, IL 61702 on November 9, 2010.

30.     Every collection effort in Maryland by Defendant AFNI, Inc. is an unfair and deceptive trade practice.

31.     Every collection effort in Maryland by Defendant AFNI, Inc. is a violation of the Maryland Consumer Debt Collection Act.

32.     Every collection effort in Maryland by Defendant AFNI, Inc. is a violation of the Maryland Consumer Protection Act.

B.     **HSBC Bank Nevada, N.A. Alleged Debt**

33.     At some point in time, Thomas applied for consumer credit in the form of a credit card from HSBC Bank Nevada, N.A.

34.     The consumer credit was a financial obligation and consumer debt that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C § 1692a(5), Md. Code Ann., Comm. Law §§ 13-101(d) and 14-201(c).

35.     Subsequently, Defendant Thomas G. Landis was hired by a third-party debt buyer to collect an alleged debt from Plaintiff Thomas.

36.     On May 5, 2010, Defendant Thomas G. Landis mailed a collection letter to Plaintiff Thomas in an attempt to collect on the alleged debt.

37.     The collection letter was mailed from Four Greenwood Square, 3225 Street Road, Suite 220, Bensalem, PA 19020.

38.     On May 5, 2010 to the present, when Defendant Thomas G. Landis attempted to collect the alleged consumer debt from Plaintiff Thomas, Defendant Thomas G. Landis lacked the authority to conduct such business in Maryland from the address of Four Greenwood Square, 3225 Street Road, Suite 220, Bensalem, PA 19020.

39.     By doing business in Maryland, Defendant Thomas G. Landis assents to the laws of Maryland.

40.     Defendant Thomas G. Landis is a "collection agency" as that term is defined by Title 7 of the Business Regulation Article, Maryland Code Annotated because Defendant Thomas G. Landis purchases, acquires or services consumer debt after the debt is in default.

41.     A "collection agency" is required to be licensed by the appropriate Maryland state agency.

42.     A "collection agency" must apply for and be issued a license by the appropriate Maryland state agency for each location the "collection agency" attempts to collect debts from.

43.     Defendant Thomas G. Landis was not licensed as a "collection agency" at the location Four Greenwood Square, 3225 Street Road, Suite 220, Bensalem, PA 19020 on May 5, 2010.

44.     Every collection effort in Maryland by Defendant Thomas G. Landis is an unfair and deceptive trade practice.

45.     Every collection effort in Maryland by Defendant Thomas G. Landis is a violation of the Maryland Consumer Debt Collection Act.

46.     Every collection effort in Maryland by Defendant Thomas G. Landis is a violation of the Maryland Consumer Protection Act.

47.     While attempting to collect the alleged debts from Plaintiff, Defendants acted in an abusive, harassing and deceptive manner contrary to the standards of civilized society and the standards employed by others in its industry and in violation of 15 U.S.C. §§ 1692(b); 1962c(b),1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), 1692f and 1692g(a) amongst others.

48.     As a direct and proximate result of Defendants illegal collection tactics and harassing behavior, Plaintiff has sustained actual damages in the form of expenses in attempting to correct Defendants' misguided and illegal collection activities, extreme stress, fear, confusion, anger, humiliation, and embarrassment.

## V.     CAUSES OF ACTION

### COUNT I
### (FAIR DEBT COLLECTION PRACTICES ACT)

49.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50.     While attempting to collect the alleged debt from Plaintiff, Defendants acted in an abusive, harassing and deceptive manner contrary to the standards of civilized society and the standards employed by others in its industry and in violation of numerous provisions of the FDCPA.

51.     FDCPA violations include, but are not limited to: 15 U.S.C. §§ 1692(b); 1962c(b),1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), 1692f and 1692g(a) amongst others.

52.     As a direct and proximate result of Defendants' illegal collection tactics and harassing behavior in violation of the FDCPA, Plaintiff has sustained actual damages in the form of expenses in attempting to correct Defendants' misguided and illegal collection activities, extreme stress, fear, confusion, anger, humiliation, and embarrassment.

## COUNT TWO
### (MARYLAND CONSUMER DEBT COLLECTION ACT)

53.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54.     Maryland's Consumer Debt Collection Act, Md. Code Ann., Comm. Law §§ 14-201 *et seq.* ("MCDCA"), states that a "collector" while collecting or attempting to collect a debt may not:

- communicate with the debtor or a person related to him with the frequency, at the unusual hours, or in any other manner as reasonably can be expected to abuse or harass the debtor, § 14-202(6);

- claim, attempt, or threaten to enforce a right with knowledge that the right does not exist, § 14-202(8).

- use a communication which simulates legal or judicial process or gives the

appearance of being authorized, issued, or approved by a government, governmental agency, or lawyer when it is not, § 14-202(9).

55.     As a "collector" and "person" under the MCDCA, § 14-201(b) and (d), Defendants and its agents and employees are prohibited from performing or failing to perform any action described above and from abusing or harassing Plaintiff while collecting or attempting to collect an alleged debt.

56.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the MCDCA, including but not limited to each of the above-cited provisions of the MCDCA, § 14-202.

57.     As a result of Defendants' harassing and abusive debt collection practices in violation of the MCDCA, Defendants have caused Plaintiff severe emotional distress and mental anguish and embarrassment, including but not limited to severe stress, many sleepless nights, a feeling of hopelessness and headaches.

**WHEREFORE**, Plaintiffs pray that judgment be entered against each and every Defendant:

- For an order declaring that the Defendants' actions as described above are in violation of the FDCPA and MCDCA;

- for an award of actual, compensatory damages and punitive damages pursuant to 15 U.S.C. § 1692k against each and every Defendant including an award for emotional distress and mental anguish;

- for an award of statutory damages pursuant to 15 U.S.C. § 1692k against each and every Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k against each and every Defendant;

- for an award of actual and compensatory damages, including an award for emotional distress and mental anguish pursuant to MCDCA, § 14-203;

- for an award of reasonable attorney's fees and costs of litigation pursuant to Maryland's Consumer Protection Act, Md. Code Ann., Comm. Law § 13-408 (*see* 13-301(14)(iii));

- Award pre and post judgment interest; and

- Award such other relief this Court deems just and equitable.

Respectfully submitted,

**Z LAW, LLC**

Dated: May 5, 2011

_____/s/  28191_____
Cory L. Zajdel, Esq. (Fed. Bar No. 28191)
10811 Red Run Blvd., Ste. 204
Owings Mills, MD 21117
T. (443) 213-1977
E. clz@zlawmaryland.com

Attorney for Plaintiff

## **JURY TRIAL**

Plaintiff Judith Thomas demands trial by jury.


                        /s/   28191
                       Cory L. Zajdel